CuniA, per Johnston, Chancellor.
Whether the property embraced in the decree was given by Mr. Pope to the plaintiff’s father, does not appear to admit of much doubt, under the evidence ; and I am instructed by the court to state, that it is satisfied with the determination of the fact in the circuit decree.
The only other material question relates to the statute of limitations. This applies to the slaves alone. The plea of Major Logan is, that “ the possession of this defendant, since March, 1820, has been adverse to the right of the said James D. Snowden’s adm’r, in whom alone the right of action was; and this defendant has acquired a good and perfect title to the said negroes, and their increase and hire by the operation of the statute of limitations against the said administrator of the said James D. Snowden, and of course against the plaintiff.” ■
The argument contained in this plea pervades the grounds of appeal also ; and embraces in a few words the substance of all that has been argued before us. It is not deemed necessary to inquire whether Major Logan’s possession was adverse to the administrator, or whether in fact the administrator’s title was barred by it; because the court is clearly of opinion, that if he was barred, it by no means follows; that the plaintiff is barred also. That Mr. Pope delivered the negroes to Major Logan, with the decía- *197 ration stated by Mrs. Pope, the court is entirely satisfied. When Mr. Pope delivered them as property which he had given to Mr. Snowden, Major Logan by accepting them, bound himself as strongly as if he had expressly undertaken to hold them in the,, character in which they, were delivered to him. Being the husband of one of the distributees, and holding for the benefit of both, suppose he did set the administrator at defiance and bar him. The bar was effected by virtue of the joint possession of the distribu-tees holding adversely to the administrator. It is not like the case of an entire stranger, who, if he bars the personal representative, destroys the rights of the distributees also. It is not even like the case of one of several distributees, who takes and holds possession professedly for himself alone ; in which case it may well be that both the representative and the co-distributees are barred. But it is the case of one distributee holding for himself and his co-distri-butees against the administrator, and is attended with the same consequences as if all the distributees held an actual possession in common. The administrator may be barred; but if so, his legal title has passed to the distributees, just as if he had assented to their distributory rights, and delivered the property to them. As among themselves the right to partition still exists after the bar of the administrator, as perfectly as if he had voluntarily put them in possesion. It is not perceived how, upon principle, Major Logan can be excused from accounting for hire ; his case being that of an adult distributee in possession. The court, however it may regret the hardship of his being held to this account, cannot exempt him from it without establishing a precedent ruinous to the interest of minors, such as this plaintiff was when she filed her bill. He had it in his power at any time by partition, to have severed the possession, and exempted himself from this, account.
These remarks dispose of the merits of the appeal. A ground has been taken, however, in argument, which was not taken on the circuit, nor embraced in those set down for argument. It is that the administrator of Mrs. Logan was a' necessary party to the partition sought and decreed, Mrs. Logan being entitled, according to the bill, to one-third of the property to be partitioned. But it is the opinion of my brethren,' that if the point was properly *198 made now, the case falls within the principle of Burgess v. Heape, 1 Hill Ch. 404, and that Major Logan’s marital rights attached Upon his wife’s share in his hands.
Be. Treville, for the motion.
Rhett, contra.'
It is ordered, that the appeal be dismissed, and the circuit decree affirmed.
David Johnson and Harper, Chancellors concurred.
Chancellor Dunkin being of counsel gave no opinion.